IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| **GERARD AVERY MIILIGAN,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:15-CV-03486-DKC |
| **ALLY FINANCIAL INC.** | * | |
| | * | |
| Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Ally Financial Inc. ("Ally"), by its undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, files this Memorandum in Support of its Motion for Summary Judgment against Plaintiff, Gerard Avery Milligan ("Plaintiff"), and makes the following arguments:

**INTRODUCTION**

This case arises from Plaintiff's purchase and financing of a used 2007 Chevy Tahoe (the "Vehicle") from Waldorf Chevrolet Cadillac (the "Dealership"). Immediately after Plaintiff's purchase of the Vehicle, the Dealership assigned its loan on the Vehicle (the "Loan") to Ally. Subsequently, Plaintiff has defaulted on his payment obligations to Ally, and Ally has taken steps to exercise its rights under the Loan. Plaintiff has brought this law suit, *pro se*, claiming that Ally has no legal interest in the Loan.

**STATEMENT OF FACTS**

On May 10, 2014, Plaintiff purchased the Vehicle from the Dealership, in Waldorf, Maryland. The Retail Installment Sale Contract dated May 10, 2014 is attached hereto as **Exhibit 1**.[1] The Dealership then assigned the Loan to Ally, as indicated by the assignment endorsement at the bottom of the first page of the contract. *Id.* On May 31, 2014, Plaintiff and the Dealership entered into an amended contract for the sale of the Vehicle, which was identical to the May 10th Contract, except that it provided more favorable terms to Plaintiff, including a reduced price, lower interest rate, and a shorter loan term. The Retail Installment Sale Contract dated May 31, 2014 is attached hereto as **Exhibit 2**. The May 31st Contract was also assigned to Ally. *Id.* Based on this assignment, Ally began servicing the Loan and exercising its rights as a lender.

On November 16, 2015, Plaintiff filed this suit apparently alleging that Ally is not the holder of the Loan.

**STANDARD**

Under Fed. R. Civ. P. 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). It is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514,

---

[1] **Exhibits 1 & 2** are authenticated and admissible as business records, offered pursuant to Fed. R. Evid. 902(11) and 803(6)(A)-(C), by virtue of the affidavits executed by custodians of records for both the Dealership and Ally, attached hereto as **Exhibits 3 & 4**.

526 (4th Cir. 2003)(quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir.1993)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). "The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case." *Id*. at 325. "The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). "A mere scintilla of evidence supporting the case is insufficient." *Id*.

## ARGUMENT

Although it is unclear exactly what legal claims are being advanced by the Plaintiff, they all appear to be based upon the assertion that Ally did not validly obtain assignment of the Loan. The indisputable evidence, however, shows that Ally did obtain assignment of the loan. Indeed, both parties to the assignment have provided affidavits to that effect. **Exhibit 3** and **Exhibit 4**.

The Retail Installment Sale Contracts (**Exhibits 1** & **2**) conclusively show that the Dealership assigned the Loan to Ally. Furthermore, the Affidavit of Scott Strickler, General Manager for the Dealership, specifically attests to the fact the Dealership assigned the Loan to Ally. **Exhibit 3**.

In light of this evidence, there can be no dispute over the only issue in this case. The Dealership did validly assign the Loan to Ally, and Ally is therefore the holder of the Loan.

## CONCLUSION

For the foregoing reasons, Ally is entitled to judgment as a matter of law. Ally therefore respectfully requests that its Motion for Summary Judgment be GRANTED.

/s/  *G. Adam Ruther*
David M. Wyand # 23413
G. Adam Ruther # 30183
ROSENBERG MARTIN GREENBERG, LLP
25 S. Charles Street, Suite 2115
Baltimore, MD  21201
(410) 727-6600 (phone)
(410) 727-1115 (fax)
dwyand@rosenbergmartin.com
aruther@rosenbermartin.com

*Attorneys for Defendant,*
*Ally Financial Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of February, 2016, a copy of the foregoing Motion for Summary Judgment was mailed first class, proper postage prepaid, to: Plaintiff, Gerard Avery Milligan, 3208 31st Ave, Temple Hills, MD 20748.

/s/  *G. Adam Ruther*
G. Adam Ruther # 30183