IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERARD AVERY MILLIGAN                 :

                                               :

   v.                                  :   Civil Action No. DKC 15-3486

                                               :

ALLY FINANCIAL INC.                   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are the following motions: a motion for summary judgment filed by Defendant Ally Financial Inc. ("Defendant") (ECF No. 12); and a cross-motion for summary judgment filed by Plaintiff Gerard Avery Milligan ("Plaintiff") (ECF No. 16).[1]  The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, Defendant's motion for summary judgment will be granted, and Plaintiff's cross-motion will be denied.

**I.   Background**

   **A.   Factual Background**

Unless otherwise noted, the facts outlined here are undisputed and construed in the light most favorable to Plaintiff.  On May 10, 2014, Plaintiff purchased a used vehicle from Waldorf Chevrolet Cadillac (the "Dealership") in Waldorf,

---

[1] Plaintiff's "motion for judgment," to the extent it is an actual motion, will be denied and construed as a reply brief in support of his motion for summary judgment.  (See ECF No. 18).

Maryland by entering into a Retail Installment Sale Contract (the "contract") with the Dealership. (*See* ECF Nos. 1-1 ¶ 4; 12-2). The Dealership subsequently assigned its interest in the contract to Defendant. (*See* ECF Nos. 12-2; 12-4 ¶ 7). On May 31, Plaintiff and the Dealership entered into a revised contract (the "revised contract"), the rights of which were also assigned to Defendant. (ECF Nos. 12-3; 12-4 ¶ 5). Under the revised contract, Defendant provided Plaintiff with approximately $22,685.00 in financing, which Plaintiff was to pay back in 60 monthly payments beginning on July 15, 2014. (ECF No. 12-3, at 2). Plaintiff asserts that he was unaware that the Dealership assigned its rights under the revised contract to Defendant because the space for the Dealership to assign its rights is blank on his copy of the revised contract. (ECF Nos. 1-1 ¶¶ 5-6; 16, at 1).

Plaintiff received a phone call from Defendant approximately forty-five days after purchasing the vehicle, which requested that he begin sending payments for the vehicle. (ECF No. 1-1 ¶ 7). Plaintiff, believing his payments should be sent to the Dealership rather than to Defendant, requested that Defendant "show proof of claim" over the revised contract. (*See id.* ¶¶ 9, 14). Defendant continued to attempt to service the loan pursuant to the assignment of the revised contract, but

2

Plaintiff repeatedly requested "proof of claim in this [revised] contract." (*See* ECF Nos. 1-1 ¶ 9; 12-1, at 2).

According to Defendant, "Plaintiff has defaulted on his payment obligations to [Defendant], and [Defendant] has taken steps to exercise its rights under the [revised contract]." (ECF No. 12-1, at 1). Plaintiff avers that Defendant repossessed the vehicle on July 9, 2015. (ECF No. 1 ¶ 2). On September 29, Plaintiff received a facsimile copy of the revised contract with the assignment blank filled in, indicating that the Dealership had assigned its rights to Defendant. (ECF No. 1-1 ¶ 10; 1-2, at 3).

**B.   Procedural History**

On November 16, 2015, Plaintiff, proceeding *pro se*, filed a complaint and a motion for a temporary restraining order and preliminary injunction. (ECF No. 1). The complaint asserts that Defendant "illegally repossessed Plaintiff['s] property" because it "has no interest in the [revised] contract" between Plaintiff and the Dealership. (*Id.* ¶ 2). The court denied Plaintiff's request for emergency equitable relief on November 25. (ECF No. 2). On February 24, 2016, Defendant filed the pending motion for summary judgment. (ECF No. 12). Plaintiff was provided with a *Roseboro* notice, which advised him of the pendency of the motion for summary judgment and his entitlement to respond within 17 days. (ECF No. 13); *see Roseboro v.*

3

*Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding that *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment). Plaintiff responded (ECF No. 15), filed a cross-motion for summary judgment (ECF No. 16), and filed what is styled as an "Opposition to Defendant['s] Summary Judgment and Motion for Judgment," but will be construed as a reply in support of his motion for summary judgment (ECF No. 18). Defendant filed a combined reply in support of its motion and response to Plaintiff's cross-motion. (ECF No. 17).

**II. Standard of Review**

Summary judgment is appropriate under Federal Rule of Civil Procedure Rule 56(a) when there is no genuine dispute as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court of the United States explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could

return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also EEOC v. Navy Fed. Credit Union,* 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *See Liberty Lobby,* 477 U.S. at 252. A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F.Supp.2d 373, 375 (D.Md. 2001) (citation omitted). Indeed, this court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt,* 999 F.2d 774, 778–79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987)).

"When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." *Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351, 354 (4th Cir. 2011). The court must deny both motions if it

finds there is a genuine dispute of material fact, "[b]ut if there is no genuine issue and one or the other party is entitled to prevail as a matter of law, the court will render judgment." 10A Charles A. Wright, et al., Federal Practice & Procedure § 2720 (3d ed. 1998).

**III. Analysis**

Plaintiff's complaint is based on his assertion that Defendant does not have an interest in the revised contract. (*See* ECF No. 1 ¶ 2).[2] In support of this contention, Plaintiff attaches a photograph of his copy of the revised contract, in which the space for the Dealership to denote that it has assigned its interest was left blank. (ECF No. 15-1, at 2-3). Defendant counters by attaching copies of the revised contract with the assignment section completed. (ECF No. 12-3). Defendant also attaches affidavits from a custodian of records for the Dealership (ECF No. 12-4) and Defendant (ECF No. 12-5) attesting to the validity of the assignment. Defendant contends

---

[2] It is not entirely clear what specific claims Plaintiff is asserting against Defendant. Plaintiff has not been called to clarify his claims because Defendant answered rather than moving to dismiss for failure to state a claim. In his opposition to Defendant's motion, Plaintiff alludes to claims of extortion, identity theft, and harassment, but he provides no support for these claims and did not raise such claims in his complaint. (ECF No. 18, at 1). Moreover, it appears that Plaintiff is only asserting claims challenging the validity of the assignment itself rather than alleging that Defendant engaged in improper means to collect payments from Plaintiff. In short, even construed liberally, Plaintiff's complaint alleges only that the Dealership's assignment to Defendant was invalid or forged.

that, "[u]nless required by the [revised] contract itself, no consent or notice to the other party to a contract is required to validate an assignment." (ECF No. 17-1, at 2 (citing *Maryland Co-op. Milk Producers v. Bell*, 206 Md. 168, 176 (1955); *Fry v. Coyotte Portfolio, LLC*, 128 Md.App. 607, 619 (1999)).

"Under Maryland law, contract rights are *freely assignable* (1) '[u]nless otherwise agreed,' or (2) except when 'the assignment would materially change the duty of the other party, or increase materially the burden or risk imposed on him by his contract, or impair materially his chance of obtaining return performance.'" *Korangy v. Mobil Oil Corp.*, 84 F.Supp.2d 660, 665 (D.Md. 2000) (emphasis added) (quoting Md. Code Ann., Com. Law § 2-210). The Court of Special Appeals of Maryland held that a party's obligations were not "materially changed or increased" when "[n]either the amount owed nor the date upon which payments were due changed." *Fry*, 128 Md.App. at 619. Absent a contractual provision to the contrary, § 2-210 does not require notice to the other party. Here, nothing in the revised contract precludes assignment or mandates that notice of an assignment be provided to Plaintiff. Rather, the revised contract includes several explicit references to the Dealership's ability to assign its rights under the contract. (*See* ECF No. 12-3, at 2-3). Furthermore, the Dealership's

assignment to Defendant did not materially change Plaintiff's duty — it simply required Plaintiff to make the payments dictated by the revised contract to Defendant rather than to the Dealership. Thus, the Dealership's assignment to Defendant is not prohibited as a matter of law.

Plaintiff's conclusory allegations that Defendant forged the assignment are not supported by the record and are not sufficient to survive summary judgment. Defendant attaches a copy of the revised contract that includes the assignment (ECF No. 12-3), and both parties to the assignment attest to its validity (ECF Nos. 12-4; 12-5). Although Plaintiff contends that Defendant forged the assignment because it has not provided the "original wet ink" signature, such an argument is unavailing because "there is no recognizable claim to demand in an action brought by a borrower that the lender produce 'wet ink' signature documents." *Harris v. Household Fin. Corp.*, No. RWT-14-606, 2014 WL 3571981, at *2 (D.Md. July 18, 2014).[3] Similarly, Plaintiff's contention that the affidavits Defendant provides are hearsay is unpersuasive.

> The court and the parties have great flexibility with regard to the evidence that may be used on a [summary judgment] proceeding. The court may consider materials that would themselves be

---

[3] Although *Harris* was decided in the context of a mortgage foreclosure action, the court's reasoning regarding the lack of a claim to demand "wet ink" documents is relevant here.

> admissible at trial, and the content or substance of otherwise inadmissible materials where the party submitting the evidence show[s] that it will be possible to put the information into admissible form.

*See Humprheys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538-39 (4th Cir. 2015) (citations and internal quotation marks omitted).  Here, the two affiants aver that they are custodians of business records for their respective companies and that the revised contract is a business record.  (ECF Nos. 12-4; 12-5).  Plaintiff has not articulated that these averments are disingenuous or that the evidence would not be admissible at trial.  Defendant has adequately supported its motion for summary judgment, and Plaintiff fails to show a genuine dispute of material fact.  Accordingly, Defendant's motion for summary judgment will be granted.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion for summary judgment will be granted, and Plaintiff's cross-motion will be denied.  A separate order will follow.

                                                                  /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge