```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                :
GERARD AVERY MILLIGAN
                                :
    v.                          :   Civil Action No. DKC 15-3486
                                :
ALLY FINANCIAL
                                :
```

**MEMORANDUM OPINION AND ORDER**

On May 20, 2016, the court issued a memorandum opinion and order granting the motion for summary judgment filed by Defendant Ally Financial ("Defendant"), denying the cross-motion for summary judgment filed by Plaintiff Gerard Avery Milligan ("Plaintiff"), entering judgment in favor of Defendant and against Plaintiff on all counts in Plaintiff's complaint, and closing this action.  (ECF Nos. 19; 20).  On June 17, Plaintiff filed the pending motion for reconsideration.  (ECF No. 23).

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e).  Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e):  (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v.*

*Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  A Rule 59(e) motion "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)).  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

Here, Plaintiff has not addressed any of the grounds for reconsideration under Rule 59(e), nor does any appear to be applicable.  Plaintiff's motion merely recites his belief that there is no contract between himself and Defendant.  He continues to assert that the Dealership's assignment to Defendant was invalid or fraudulent.  Plaintiff may not rehash the same arguments considered and rejected by the court in the prior opinion.  "Plaintiff's reiteration of prior arguments reveals a 'mere disagreement' with the court's decision and thus is an insufficient basis for [the] extraordinary remedy" of reconsideration under Rule 59(e).  *Panowicz v. Hancock*, No. DKC-11-2417, 2015 WL 5895528, at *3 (D.Md. Oct. 5, 2015) (citing

2

*Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)). Thus, Plaintiff's motion for reconsideration must be denied.

Accordingly, it is this 24th day of June, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for reconsideration filed by Plaintiff (ECF No. 23) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit a copy of this Memorandum Opinion and Order directly to Plaintiff and to counsel for Defendant.

                                                         /s/
                                DEBORAH K. CHASANOW
                                United States District Judge